IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN PAUL BRANDOLINO, BRUCE DAVID BRANDOLINO, and BRAD ALLAN BRANDOLINO, Plaintiffs, v. DOUGLAS WINTER SCHLAK, d/b/a DOUGLAS W. SCHLAK & ASSOCIATES, Defendant. | 19-cv-00102 Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Brian Paul Brandolino, Bruce David Brandolino, and Brad Allan Brandolino (together, "Plaintiffs") allege that Douglas Winter Schlak, an individual doing business as Douglas W. Schlak & Associates, committed legal malpractice by failing to properly represent their interests in a real estate sale. Schlak has moved to dismiss the present complaint, contending that it is untimely under Illinois's statute of repose, 735 Ill. Comp. Stat. 5/13-214.3(c). For the reasons that follow, Schlak's motion is denied.

### Background[1]

In 2005, Robert R. Brandolino retained Schlak to assist him in the sale of a property that Robert had received from a family trust. Am. Compl. ¶¶ 14, 30, ECF

---

[1] When reviewing a motion to dismiss, the Court assumes the alleged facts in the complaint are true and draws all possible inferences in favor of Plaintiff. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

No. 23. Robert held a life estate in the property, and his sons—who are the Plaintiffs in this case—held the remainder interests. *Id.* ¶ 14.

To facilitate the sale of the property, Schlak prepared certain documentation for Plaintiffs to sign to sell their remainder interests. *Id.* ¶¶ 15(A), 31. The documents prepared by Schlak and signed by Plaintiffs included Powers of Attorney for each of the Plaintiffs, appointing Schlak to represent them in the real estate sale. *Id.* ¶ 15(A)(5–7). At the conclusion of the sale, Robert gave $100,000 to each son. *Id.* ¶¶ 20–21.

It appears that the payment of $100,000 was intended to compensate each son for the sale of their remainder interests in the property as part of the overall sales transaction. *See id.* However, Plaintiffs now allege that they did not exactly know what it meant to have a remainder interest in the property. *Id.* ¶ 17. To their understanding, the only right that they had was to receive the property in the event of their father's death, but they believed that their father had the right to dispose of the property while he was alive and to keep all of the proceeds. *Id.* ¶¶ 17–20.

As for the $100,000, Plaintiffs believed that the payments were gifts from their father for helping to facilitate the sale and to compensate them for the loss of their future inheritance of the property. *Id.* ¶¶ 18, 20, 27. If they had known that they were giving up their remainder rights (and how valuable those rights were) in exchange for $300,000, they say, they would not have agreed it. *Id.* ¶¶ 19, 25.

Plaintiffs go on to allege that Schlak never spoke to them, let alone explained what a remainder interest was. *Id.* ¶ 32. Nor did he advise Plaintiffs to seek

independent counsel or inform them of the potential conflict of interest between their interests and those of their father's. *Id.* ¶ 26. As a result, Plaintiffs contend, Schlak committed legal malpractice by breaching his duties (1) to exercise due care and diligence in representing them, (2) to be loyal, honest, and fair to Plaintiffs as his clients, (3) to disclose all facts bearing on his representation of them, (4) to zealously represent Plaintiffs' interests in the property sale, and (5) to avoid conflicts of interests. *Id.* ¶ 37.

Additionally, Plaintiffs allege that the transaction documents created by Schlak were intentionally misleading and did not inform them that the compensation they received was in exchange for their remainder interests, and not a gift. *Id.* ¶¶ 44, 46–48, 52. According to Plaintiffs, Schlak also prevented them from receiving any tax documentation about the sale, which would have revealed the true nature of the transaction. *Id.* ¶ 55. Finally, Plaintiffs contend that Schlak purposely failed to provide them with documentation of the closing, thereby preventing them learning of their true interests in the property. *Id.* ¶¶ 44, 46–48, 52–53, 56.

Sometime after May 1, 2017, Robert became hospitalized. *Id.* ¶ 8. At that time, Robert gave permission to Brian to enter his house and retrieve certain financial documents. *Id.* ¶ 9. In the house, Brian found envelopes from Schlak addressed to both Robert and Brad. *Id.* ¶¶ 10–12. The envelopes contained documents from the property sale, many of which Plaintiffs had never received or seen. *Id.* ¶¶ 15–16. These documents revealed the true nature of the sale, including proof that the $100,000 received by each Plaintiff was in exchange for their reminder

3

interests and not a gift. *Id.* ¶¶ 15(B)(7), 15(C)(2–4). Furthermore, the envelope addressed to Brad contained a number of documents signed by Schlak on behalf of Plaintiffs, unbeknownst to them. *Id.* ¶ 15(B). It was only after reading these documents that Plaintiffs understood the nature of the transaction. *Id.* ¶¶ 22–23.

## **Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) based on untimeliness is inappropriate, unless the complaint itself establishes that the suit is untimely and that there is no way around the time bar. *Sidney Hillman Health Ctr. v. Abbott Labs., Inc.*, 782 F.3d 922,

4

928 (7th Cir. 2015); *see also Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014). This is because timeliness is an affirmative defense that need not be anticipated in the complaint. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). If there is "a conceivable set of facts, consistent with the complaint, that would defeat [the affirmative] defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the [time bar] based on a more complete factual record." *Sidney Hillman Health Ctr.*, 782 F.3d at 928.

## Analysis

Schlak argues that the amended complaint should be dismissed because the claims are untimely. Plaintiffs filed suit on January 4, 2019, more than thirteen years after the alleged malpractice occurred in December 2005. In Illinois, a statute of repose provides that legal malpractice claims "may not be commenced in any event more than 6 years after the date on which the act or omission occurred." 735 Ill. Comp. Stat. 5/13-214.3(c).

At first blush, the amended complaint would appear to be barred. Plaintiffs contend, however, that the actions taken by Schlak constitute fraudulent concealment. In Illinois, fraudulent concealment tolls the statute of repose until the plaintiff has had a reasonable opportunity to discover the malpractice.[2] 735 Ill. Comp. Stat. 5/13-215; *DeLuna v. Burciaga*, 857 N.E.2d 229, 243 (Ill. App. Ct. 2006). Plaintiffs argue that Schlak's intentional failure to provide them with material

---

[2] The fraudulent concealment statute and its related doctrines apply equally to statutes of limitations and statutes of repose in Illinois. *DeLuna*, 857 N.E.2d at 242–43.

5

information relating to the property sale constitutes fraudulent concealment, which tolled the statute of repose until they uncovered the fraud in 2017.

In response, Schlak argues that fraudulent concealment requires affirmative actions, as opposed to mere silence. This is true as a general matter. *Orlak v. Loyola Univ. Health Sys.*, 885 N.E.2d 999, 1009 (Ill. 2007) ("The concealment contemplated by section 13-215 must consist of affirmative acts . . . . Mere silence on the part of the defendant is insufficient"). But, where two parties maintain a special relationship—such as a fiduciary relationship like that of attorney-client—a failure to disclose material facts may constitute fraudulent concealment. *DeLuna*, 857 N.E.2d at 246. In such a case, the Court asks: "(1) was there a special relationship between the parties; (2) did defendant's acts or omissions amount to fraudulent concealment; and (3) did this fraudulent concealment prevent the plaintiff from discovering his claim." *Doe v. Boy Scouts of Am.*, 66 N.E.3d 433, 457 (Ill. App. Ct. 2016) (citing *Wisniewski v. Diocese of Belleville*, 943 N.E.2d 43, 77–79 (Ill. App. Ct. 2011)); *see also Halperin v. Halperin*, 750 F.3d 668, 671–72 (7th Cir. 2014) (holding that a failure to disclose within a fiduciary relationship constitutes fraudulent concealment in Illinois).[3]

First, attorneys are assumed to have a fiduciary relationship with their clients. *DeLuna*, 857 N.E.2d at 246; *see In re Winthrop*, 848 N.E.2d 961, 972–73 (Ill. 2006). Here, Plaintiffs allege that each of them signed a Power of Attorney appointing

---

[3] Schlak argues that *Doe* and *Wisniewski* are inapposite because they concern the sexual exploitation of children by adult figures who held a special position of trust and confidence over their victims, as opposed to attorneys and their clients. But, although the factual circumstances might differ, the legal analysis is the same. *See Wisniewski*, 943 N.E.2d at 70 (citing *DeLuna*, 857 N.E.2d at 242).

6

Schlak as their representative in the real estate transaction. Am. Compl. ¶ 15(A)(5)–(7). Therefore, Plaintiff have sufficiently alleged the existence of a special relationship.

Looking at the second factor, the Court must ask whether Schlak took actions or hid information material to the real property sale. This is a fact-sensitive inquiry. *Halperin*, 750 F.3d at 672. Here, Plaintiffs allege that Schlak hid the nature of the sale by (1) inducing them not to attend the closing, (2) signing documents on their behalf without discussing the documents with them first, and (3) failing to deliver tax and closing documents to them after the sale. Am. Compl. ¶¶ 15–16, 44, 46–48, 52–53, 55–56. This is enough at the pleading stage to plausibly allege that Schlak intentionally concealed both the nature of the sale and his own ethical breaches from Plaintiffs. *Halperin*, 750 F.3d at 671; *see also DeLuna*, 857 N.E.2d at 246–47.

The third question facing the Court is whether the concealment prevented Plaintiffs from discovering their claim. Plaintiffs allege that they did not understand the nature of the real estate transaction until they discovered the closing documents in their father's house. Am. Compl. ¶¶ 15, 17, 19, 22–23. While Schlak claims that the Plaintiffs knew the underlying nature of the transaction based on their admission that they hoped the sale would increase their future inheritance, this is a disputed fact that must be left to a later stage. *See Sanders v. W & W Wholesale Inc.*, No. 11 C 3557, 2011 WL 4840978, at *2 (N.D. Ill. Oct. 12, 2011) ("[I]ssues concerning a state of mind such as knowledge . . . often involve fact-intensive inquiries and are not ordinarily resolved at the motion to dismiss stage."). Although discovery may prove

otherwise, it is sufficient, for pleading purposes, for Plaintiffs to allege that they did not understand their interests in the property or the nature of the sale until 2017 when they reviewed the transaction documents.

## **Conclusion**

For the reasons stated herein, Schlak's motion to dismiss the amended complaint as untimely is denied.

**IT IS SO ORDERED.**  ENTERED: 7/22/19

_____
**John Z. Lee**
**United States District Judge**